## HAYS v. BARCELLONA.
### No. 991.

Court of Appeal of Louisiana. First Circuit.
June 8, 1932.

Daspit & Huckabay and J. Oliver Bouanchaud, all of Baton Rouge, for appellant.

Shelby Taylor and A. B. Parker, both of Baton Rouge, for appellee.

LE BLANC, J.

This is a suit for damages for an illegal, unjustified, and unprovoked assault by the defendant, Mot Barcellona, upon the plaintiff, John F. Hays. The assault was an aggravated one, and the damages claimed are large, the total amount being $6,140. From a judgment in favor of the plaintiff in the sum of $1,500, the defendant has appealed.

The assault was committed on Easter Sunday, April 17, 1927, early after noon. The plaintiff, who is a negro, was engaged in delivering ice to an established patronage out on the Highlands road, about four miles south of the city of Baton Rouge. He made his deliveries from a Ford truck. As he neared a house at which he intended stopping, he slowed down and gave a hand signal that he was about to turn from the road to his left. At the same time, the defendant, a white man, was coming on behind

him in his automobile, and, in some manner which it is not necessary to be accounted for in this suit, ran into the truck, both cars receiving very slight damage. An altercation ensued between them, defendant blaming the plaintiff for the damage to his car, and demanding immediate payment therefor. The plaintiff stated that he did not have sufficient cash with him with which to pay the amount demanded, and said that he would drive into town to get it, whereupon defendant locked the switch of his truck and took the key in his possession. Plaintiff then obtained a ride with another negro by the name of Clark and went into the city, with the purpose, however, of getting an officer to secure his key and have his truck released. He could not get a deputy sheriff to go with him, but says that he was told by one of them to tell the defendant to let him have his truck. In the meantime, defendant had also left the place where the accident took place and gone to Baton Rouge to take his wife, who was in the car with him, to their home. When he returned to the scene of the trouble, he was accompanied by three young boys, fourteen, seventeen and eighteen years of age. He found the plaintiff there with the negro Clark, and that is when the fight began.

■ The important issue to decide is who was the aggressor, as the plaintiff's right to recover damages depends on whether defendant provoked the assault or not.

After carefully weighing the evidence and considering the defendant's actions in attempting to force this negro to an immediate settlement of his alleged damage, we readily reach the conclusion that he was the aggressor from the beginning to the end. He fearfully abused him, cursing and reviling him, and ordering him at the point of a pistol to get down from the running board of the automobile on which he was standing.

The defendant and his witnesses try to support their contention that plaintiff was the aggressor by testifying that he made the first advance, and that, as he was a far more powerful man than defendant, and did actually throw him to the ground, defendant was justified in using his pistol. It is our impression, after reading all the evidence, that plaintiff only rushed on the defendant when the latter drew the pistol on him, and then, no doubt, in a moment of desperation and in an attempt to grab the gun and keep him from shooting. The pistol was fired five times by defendant. He says it was for the purpose of unloading it in case the negro succeeded in wresting it from him. The negro and some of his witnesses testify that the defendant deliberately shot at him, and he particularly claims that one of the shots took effect, striking him in the nose and tear-

ing it open. There is some doubt whether the wound was caused from a shot, or from his having been struck with the stock end of the pistol. The fact remains, however, that, in the encounter, plaintiff received a serious injury to the nose which necessitated surgical attention and hospital treatment for several days. He was also struck about the face, knocked down, and rendered unconscious for a short while. Upon recovering, he arose and ran to hide under a chicken house in an adjoining yard, and would not leave from there until assured by some white men that his assailant had gone.

■ There can be but little doubt that this negro was mentally terrified and suffered much physical pain; all of which, added to his actual damage in loss of time from his work for several weeks, as well as loss of his patronage on his ice route for the balance of the most profitable part of the season, were, in our opinion, worth the amount of $1,500 awarded by the trial judge.

The features of the case are such that we do not believe the amount decreed by the judgment of the lower court should be reduced under the decisions called to our attention by counsel for defendant, and we say this without regard to any but the actual damages suffered.

Judgment affirmed.